UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES

**Date:** June 12, 2019

**Time:** 2:35 – 4:37;
4:54 – 6:08=
3 Hours; 16 Minutes

**Judge:** EDWARD M. CHEN

**Case No.**: 18-cr-00513-EMC-1 **Case Name:** USA v. StarKist Co.

**Attorneys for Government:** Andrew Mast, Ajay Krishnamurthy
**Attorneys for Defendant:** Niall Lynch, Ashley Bauer
**Attorneys for Direct Purchaser Plaintiffs:** Christopher Lebsock, Steve Six
**Attorneys for Indirect Purchaser Plaintiffs:** Betsy Manifold, Bethany Caracuzzo
**Attorney for Commercial Food Preparers:** Jonathan Cuneo
**StarKist Company Representatives**: R. Scott Meece, Andrew Choe, Archie Soliai

**Defendant:** [X] Present [ ] Not Present
**Defendant's Custodial Status:** [ ] In Custody [X] Not in Custody

**Deputy Clerk:** Angella Meuleman
**Interpreter:**

**Court Reporter:** Marla Knox
**Probation Officer:** USPO Jill Spitalieri

## PROCEEDINGS

Sentencing – Held.

## SUMMARY

Parties stated appearances.

Court established procedure to protect confidential information. Government offered way to keep names of unindicted co-conspirators anonymous. Parties agreed to process. Hearing remained open. Victims permitted to present their statements to the Court.

Mr. Cuneo presents statement on behalf of Commercial Food Preparers Plaintiffs. Regarding request for unredacted documents (Docket No. 89), Court denied the request as stated on the record because unredaction did not pertain to sentencing. Court will defer to Judge Sammartino who presides over civil actions in the Southern District of California regarding unsealing of documents in this case which may be relevant to the civil actions.

Mr. Lebsock presented statement on behalf of Direct Purchaser Plaintiffs.

Ms. Manifold presented statement on behalf of Indirect Purchaser Plaintiffs.

Mr. Six presented statement on behalf of Direct Purchaser Plaintiffs.

Mr. Archie Soliai, StarKist Representative, presented statement on behalf of StarKist employees in American Samoa.

Parties discussed their positions on eg StarKist's remaining exposure for civil damages, calculation of future growth, profits and cash flow, ability to finance capital expenditures and obtain loans.

StarKist clarified that its interest in TechPack Solutions has not been transferred and remains a StarKist investment. Government contends that in light of this fact even though it disputes StarKist's expert's calculations and growth projections, if the Court accepts StarKist's cash flow estimates, StarKist has not met its burden of proving inability to pay because Gokhale's projected cash flow plus the value of StarKist's interest in TechPack ($155mm) is more than enough to pay for $100mm criminal fine and expected payouts in civil claims. StarKist claims that it cannot sell TechPack pursuant to current loan agreement absent lender's consent. StarKist also states it would be difficult to liquidate its interest in TechPack. StarKist did not state ownership of TechPack was essential to StarKist's continued viability as a business.

In order to give StarKist the opportunity to be fully heard on this issue that arose for the first time in the hearing, the Court directed the parties to further brief the question of whether it is possible and feasible to sell, finance or otherwise derive cash from its TechPack interest. Court reminded the parties it is StarKist's burden to show inability to pay. Supplemental brief from defendant due 7/3/2019; reply brief from Government due 7/17/2019; hearing specially set 8/7/2019 at 10:00 a.m.

Court reserves the possibility of an evidentiary hearing not only on the TechPack investment but also on ability to pay based on competing financial analyses of experts. If such matter is heard, the Court will want to see tables showing cash flows based on a range of assumption (e.g., showing results based on a range of CAGR).

Sentencing deferred; to be reset for 8/7/2019.